ed that the board waive the filing deadline. In support of her request, she claimed that several family emergencies, as well as the complexity of the charges against her, prevented her from timely filing. In response, the board held that Stephens' family difficulties, while burdensome, did not justify waiving the deadline. The board also noted that Stephens should have addressed the agency's charges against her in the initial appeal, not in the petition seeking review before the full board. We cannot say that the board abused its discretion, or that its decision was otherwise arbitrary or not in accordance with law. *See Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1390 (Fed.Cir.1982).

for review for failure to file her brief, with brief attached.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) Sowell's motion for reconsideration is granted.

(2) The court's January 14, 2005 dismissal order is vacated, the mandate is recalled, and the petition for review is reinstated.

(3) Office of Personnel Management's brief is due within 30 days of the date of filing of this order.

Wyone L. SOWELL, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3017.

United States Court of Appeals, Federal Circuit.

April 19, 2005.

*ORDER*

Wyone L. Sowell moves without opposition for reconsideration of the court's January 14, 2005 order dismissing her petition

Robert TUTE, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 05–3054.

United States Court of Appeals, Federal Circuit.

April 19, 2005.

*ORDER*

LOURIE, Circuit Judge.

Upon consideration of Robert Tute's motion for reconsideration of this court's March 16, 2005 order dismissing his petition for review for failure to file an infor-